**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TYRONE LESLIE FARRIS,

　　　　Petitioner-Appellant,

v.

DAYTON J. POPPELL, Warden,
Lawton Correctional Facility; JAMES
SAFFLE, Director of Department of
Corrections of the State of Oklahoma;
FRANK KEATING, Governor of the
State of Oklahoma,

　　　　Respondents-Appellees.

No. 00-6034

(D.C. CV-99-0654-L)
(W. D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK, HENRY** , and **LUCERO** , Circuit Judges.

---

　　　Petitioner Tyrone L. Farris seeks to appeal the district court's order

dismissing his claims regarding the conditions of his confinement without

---

　　　* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

prejudice to the filing of an action pursuant to 42 U.S.C. § 1983, dismissing as frivolous his claims to the extent they are based on 18 U.S.C. § 242, and dismissing as untimely his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, we deny Mr. Farris's motion to proceed in forma pauperis and his application for a certificate of appealability and dismiss this appeal.[1]

In August 1986, Mr. Farris was convicted of first degree rape in the District Court for Comanche County, Oklahoma.  In August 1988, the Oklahoma Court of Criminal Appeals affirmed his conviction.

On May 14, 1999, Mr. Farris filed the instant petition for a writ of habeas corpus, alleging that the respondents had conspired to deprive him of the benefits of Oklahoma's Truth in Sentencing Act, 1997 Okla. Sess. Laws ch. 133.  Mr. Farris also maintained that he was incarcerated in overcrowded conditions and had been provided with inadequate medical care.  In his petition, Mr. Farris cited 18 U.S.C. § 242 (along with 28 U.S.C. § 2254) as a basis for relief. In his prayer for relief, he sought immediate release from custody.  See Rec. doc. 1 at 24-25.

The district court referred the case to a magistrate judge.  Noting that 18

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.    See  Fed. R. App. P. 34(a)(2);  10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

2

U.S.C. § 242 provides for criminal sanctions for civil rights violations but does not establish a private right of action, the magistrate judge recommended dismissal of Mr. Farris's allegations as frivolous to the extent that they were based on 18 U.S.C. § 242. He further concluded that Mr. Farris's allegations as to conditions of confinement should be dismissed without prejudice to the filing of an action pursuant to 42 U.S.C. § 1983.

Additionally, the magistrate judge recommended dismissal of Mr. Farris's challenges to his sentence pursuant to 28 U.S.C. § 2254 on the grounds that they were time-barred. He reasoned that the provisions of Oklahoma's Truth in Sentencing Act invoked by Mr. Farris went into effect on July 1, 1997. Accordingly, "the factual predicate for the Petitioner's claims became available, at the latest, on that date." Rec. doc. 16, at 6 (Report and Recommendation, filed July 12, 1999). Section 101 of the Antiterrorism and Effective Death Penalty Act (AEDPA) provides that petitions for a writ of habeas corpus must be filed within one year of certain dates, including "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Because Mr. Farris filed his petition more than one year after July 1, 1997, the magistrate judge concluded that it was untimely.

Finally, the magistrate judge rejected Mr. Farris's argument for equitable

3

tolling. He observed that Mr. Farris had failed to set forth specific allegations to support his broad assertion that "officials adopted a plan to keep the prisoners and the public from learning of the passage of [The Truth in Sentencing] Act." Rec. doc. 16 at 6.

In his submissions to this court, Mr. Farris does not address the magistrate's application of the AEDPA's statute of limitations. The magistrate's reasoning, adopted by the district court, is sound, and we are persuaded by it. Accordingly, for substantially the same reasons as set forth in the magistrate's report and recommendation, we conclude that Mr. Farris's challenges to the calculation of his sentence are time-barred and that the district court properly dismissed Mr. Farris's claims as frivolous to the extent that they were based on 18 U.S.C. § 242. Further, the district court properly dismissed Mr. Farris's claims regarding the conditions of confinement without prejudice to the filing of an action based on 42 U.S.C. § 1983.

We therefore DENY Mr. Farris's motion to proceed in forma pauperis, and we DENY Mr. Farris's application for a certificate of appealability. We

DISMISS this appeal.

Entered for the Court,

Robert H. Henry
United States Circuit Judge